UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re | ) | |
| | ) | **Chapter 13 Case No.** |
| SAFINA N. MBAZIRA, | ) | **07-14407-WCH** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| SAFINA N. MBAZIRA, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LITTON LOAN SERVICING, LLP; US BANK NATIONAL ASSOCIATION, as Trustee of the J.P. Morgan Mortgage Acquisition Corp. 2005-Fre1 Asset Backed Pass-Through Certificates, Series 2005-Fre1; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.; and BRICE, VANDER LINDEN & WERNICK, P.C., | ) | **Civil Action No. 10-11831-FDS** |
| Appellees. | ) | |

# MEMORANDUM AND ORDER
# ON APPEAL FROM BANKRUPTCY COURT

**SAYLOR, J.**

This is an appeal from an order of dismissal of the United States Bankruptcy Court for the District of Massachusetts. After confirmation of her Chapter 13 plan, debtor Safina N. Mbazira sought to challenge the validity of the mortgage on her home by instituting an adversary proceeding. The bankruptcy judge dismissed the proceeding on the basis of judicial estoppel.

For the reasons set forth below, the order of the Bankruptcy Court will be affirmed.

I.  **Background**

The following facts are drawn from the bankruptcy court filings and the parties' briefs. Except where otherwise noted, the facts are undisputed.

On July 26, 2005, debtor-appellant Safina Mbazira obtained from Fremont Investment & Loan two loans in the amount of $528,000 and $132,000, secured by two mortgages on her property at 977 Trapelo Road, Waltham, Massachusetts. Servicing rights on the mortgages were later assigned to appellee Litton Loan Servicing, LLP.[1]

Mbazira filed a voluntary Chapter 13 bankruptcy petition on July 17, 2007. Her first plan scheduled Litton as a secured creditor holding claims in the amount of $656,131. Litton filed proofs of claim for the mortgage liens.

From July 2007 to August 2009, Mbazira submitted three additional modified plans to the Bankruptcy Court.[2] Each plan represented that the mortgages serviced by Litton were secured debt, entitled to payment in full. The Bankruptcy Court confirmed the plan on September 30, 2009. Litton's claims as mortgagee were allowed as secured claims.

Mbazira quickly fell behind on her mortgage payments under the confirmed plan. In January 2010, the Trustee filed a motion to dismiss the case under 11 U.S.C. § 1307(c)(4) for failure to make timely payments. To resuscitate the plan, Mbazira and the Trustee entered into an "agreed order," which provided that the case would be dismissed unless the debtor filed an amended Chapter 13 plan by March 26.

---

[1] In the adversary proceeding, Mbazira contested the assignment from Fremont to Litton. She does not dispute the issue on appeal.

[2] The second plan was filed on December 28, 2007; the third on August 11, 2008; and the fourth on August 26, 2009.

Mbazira submitted a "Post-Confirmation Chapter 13 Plan" on March 13. The proposed plan, for the first time, attempted to reclassify the first mortgage as an unsecured claim. Citing a May 2009 decision of the Bankruptcy Court for the District of Massachusetts in an unrelated case, Mbazira contended that the first mortgage—valued at $581,811.46—was recorded with a defective certificate of acknowledgment and therefore constituted an unsecured lien on the property.[3] Litton objected to the reclassification of its claim under the new plan. It also contended that because Mbazira sought to contest the validity of a lien on real property, the challenge must be brought as an adversary proceeding. *See* Fed. R. Bankr. P. 7001(2).

Mbazira thereafter instituted an adversary proceeding seeking, among other things, a declaration regarding the validity of the mortgage securing her property. She alleged that a notarization defect in the certificate of acknowledgment rendered the mortgage an invalid security interest under 11 U.S.C. § 506. She also sought total disallowance of the claim on the ground that the proofs of claim were fraudulent. The defendants filed a motion to dismiss.

The Bankruptcy Judge held a hearing on the motion on July 22, 2010. The defendants contended that (a) the challenge to the validity of the mortgage was barred by the operable statute of limitations, 11 U.S.C. § 546; (b) the debtor was precluded from challenging the allowance of Litton's secured claim under principles of judicial estoppel and *res judicata*; and (c) even if the mortgage lien could be reclassified as unsecured debt, the benefit would inure to the estate rather than to the debtor. The judge granted the motion to dismiss orally from the bench, reasoning as follows:

---

[3] The case on which Mbazira relied was *Agin v. Mortgage Elec. Registration Sys., Inc. (In re Giroux)*, 2009 WL 1458173, at *1 (Bankr. D. Mass. May 21, 2009), *aff'd* 2009 WL 3834002, at *1 (D. Mass. Nov. 17, 2009).

> I believe that the defendants have the better of the judicial estoppel argument here. Once you'[v]e written a plan, once you've gotten a plan confirmed—which was not *Giroux*, which was not my case, *Dessources*. In neither of those cases was a plan confirmed. So I think judicial estoppel applies.
>
> To say that a debtor can come in *after* confirmation and all of a sudden change the treatment of a significant claim just doesn't fly. The motion to dismiss is granted.

(Hrg. Transcript, at 8:12 – 8:20). No written opinion was issued. This appeal followed.

## II. Jurisdiction and Standard of Review

This Court has jurisdiction to hear appeals from final judgments, orders, and decrees of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1). In reviewing the Bankruptcy Court's decision, this Court functions as an appellate court and is authorized to "affirm, modify, or reverse a bankruptcy judge's [order] or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. The Bankruptcy Court's conclusions of law are reviewed *de novo* and its findings of fact are reviewed for clear error. *See Stornawaye Fin. Corp. v. Hill (In re Hill)*, 562 F.3d 29, 32 (1st Cir. 2009).

The First Circuit has not determined the standard of review for a Bankruptcy Court's application of judicial estoppel. *Gens v. Resolution Trust Corp.*, 112 F.3d 569, 572 n.2 (1st Cir. 1997). Other circuits, however, review a decision about whether to invoke the doctrine for abuse of discretion. *See, e.g.*, *In re Kane*, 628 F.3d 631, 636 (3d Cir. 2010); *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999). They reason that judicial estoppel is equitable in nature and affords judges wide, although not unbounded, discretion. *In re Coastal Plains*, 179 F.3d at 205. In the First Circuit, a district court's application of judicial estoppel is reviewed for abuse of discretion, *Perry v. Blum*, 629 F.3d 1, 8 (1st Cir. 2010), as is a decision made by a Bankruptcy Court pursuant to a provision of the Bankruptcy Code that confers discretion, *In re Gonic Realty*

4

*Trust*, 909 F.2d 624, 626-27 (1st Cir. 1990).

Considering these factors, other courts in this district have reviewed Bankruptcy Court applications of judicial estoppel for abuse of discretion. *E.g.*, *In re Fiorillo*, 2011 WL 2535002, at *5 (D. Mass. June 24, 2011). Appellees contend that it is the appropriate standard. (Appellee's Br. at 3). The debtor-appellant's brief inconsistently points to abuse of discretion and *de novo* review as the applicable standard. (Appellant's Br. at 4, 7). As the debtor does not offer an argument as to why *de novo* review is proper, and all other indicators suggest that it is not, the Court will review the decision of the Bankruptcy Court for abuse of discretion. "A court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *Cabral v. Shamban (In re Cabral)*, 285 B.R. 563, 570 (B.A.P. 1st Cir. 2002).

**III.** **Analysis**

Judicial estoppel is an equitable doctrine that serves to protect the integrity of the judicial process. *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001); *Perry*, 629 F.3d at 8. It operates by preventing a party who successfully adopts one position in a legal proceeding from urging the contrary position in a subsequent proceeding after its interests or circumstances have changed. *InterGen N.V. v. Grina*, 344 F.3d 134, 144 (1st Cir. 2003). While the contours of judicial estoppel are imprecise, three conditions typically inform a court's application of the doctrine. First, a party's earlier and later positions must be inconsistent. Second, the party must have prevailed in convincing the court to adopt its earlier position. Third, the party urging the contrary position must stand to derive an unfair advantage from its about-face or impose and unfair detriment on the opposing party if the court accepts the new position. *New Hampshire*,

5

532 U.S. at 750-51; *Perry*, 629 F.3d at 9.

The Bankruptcy Court did not methodically consider each factor in its dismissal of the adversary proceeding. Nevertheless, the application of judicial estoppel is fairly straightforward in this case. In four iterations of the debtor's proposed Chapter 13 plans submitted to the Bankruptcy Court, she represented that Litton was a secured creditor, entitled to full repayment on both mortgages. She never questioned whether the mortgages were properly notarized or validly recorded. The Bankruptcy Court accepted the debtor's position and confirmed her plan in September 2009. But in the amended Chapter 13 plan submitted in March 2010 and the subsequent adversary proceeding, for the first time she argued that one of the mortgages was invalid and should be treated as unsecured debt. These positions were plainly inconsistent. The first and second conditions for judicial estoppel are therefore present.

The third condition—the likelihood of the inconsistent party obtaining an unfair advantage—results from different treatment of secured and unsecured claims under the Bankruptcy Code. Treating Litton's claims as secured enabled the debtor to avoid foreclosure and remain in the property if she complied with the payment schedule in her confirmed Chapter 13 plan. By contrast, had the claim be allowed as unsecured, she would not have been able to keep the property as collateral securing the claim, and the property would have been subject to liquidation in order to pay creditors of the estate. But after she was unable to comply with the payment schedule under the confirmed plan, she faced dismissal or conversion of the case to a Chapter 7 proceeding. 11 U.S.C. § 1307(c)(4). Under these circumstances, it would have been advantageous for the debtor to reclassify Litton's claim as unsecured. If the claim was allowed as unsecured, she would no longer have been responsible for full payment of the claim as long as

6

Litton received no less than what it would have been paid if the estate were liquidated under Chapter 7. *Id.* § 1325(a)(4). The debtor would receive an unfair benefit, while Litton, which until March 2010 had no reason to doubt that its claim was secured, would lose the protections granted to holders of secured claims under the Bankruptcy Code. Presumably for these reasons, the Bankruptcy Court held the debtor judicially estopped from asserting that the mortgage was invalid and that Litton held an unsecured interest in the property.

Other courts that have considered post-confirmation attacks on the validity of secured claims have likewise rejected these efforts. *See, e.g.*, *Celli v. First Nat'l Bank of N. N.Y. (In re Layo)*, 460 F.3d 289 (2d Cir. 2006); *Adair v. Sherman*, 230 F.3d 890 (7th Cir. 2000). In a Chapter 13 case, "[t]he provisions of a confirmed plan bind the debtor and each creditor, . . . whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). This Bankruptcy Code provision safeguards the finality that Congress intended to achieve in confirmed plans. *Adair*, 230 F.3d at 895. Accordingly, if a debtor has notice of a creditor's proof of claim and has the opportunity to contest it prior to confirmation, the claim is not thereafter subject to collateral attack. *In re Layo*, 460 F.3d at 295; *Adair*, 230 F.3d at 894-95. Although the matter is typically viewed as a question of *res judicata* rather than judicial estoppel, several courts of appeals have held debtors estopped from challenging the status of secured claims after confirmation. *In re Layo*, 460 F.3d at 295-96; *Adair*, 230 F.3d at 895.[4]

The debtor contends that application of judicial estoppel was not appropriate because she

---

[4] The debtor's challenge to the mortgage and effort to reclassify Litton's claim does not fit within the exceptions to the finality of confirmed plans permitted under 11 U.S.C. § 1329. Section 1329 provides for modification of a plan after confirmation in three circumstances, none of which apply in this case. *See Massachusetts Housing Fin. Agency v. Evora*, 255 B.R. 336, 343 (D. Mass. 2000) ("While section 1329(a)(1) provides that a plan may be modified to increase or reduce the amount of payments it does not state that the plan may be modified to increase or reduce the amount of the secured claim.").

merely changed her legal position in response to an unanticipated change in the law. *See In re Parker*, 391 B.R. 411, 416 (Bankr. S.D. Ohio 2008). She relies on *In re Giroux*, a case in which the Bankruptcy Court held that a mortgage recorded without the debtor's name in the certificate of acknowledgment was materially defective and void under Massachusetts law. 2009 WL 1458173, *6-9 (Bankr. D. Mass. May 21, 2009) (interpreting Mass. Gen. Laws ch. 183, §§ 29, 30). In *Giroux*, the court permitted the Chapter 7 Trustee, pursuant to strong-arm powers conferred by 11 U.S.C. § 544, to assume the position of a bona fide purchaser who would not be on constructive notice of the mortgagee's interest due to the notarization defect. The court held that the mortgage was avoidable under § 544(a)(3). *Id.* (adopting the reasoning of *Gregory v. Ocwen Fed. Bank (In re Biggs)*, 377 F.3d 515 (6th Cir. 2004)). The district court affirmed the decision on appeal. *Mortgage Elec. Registration Sys., Inc. v. Agin*, 2009 WL 3834002, *2 (D. Mass. Nov. 17, 2009).

The debtor offers no persuasive argument as to how *Giroux* may be considered an unanticipated change in the substantive law governing the case. True, the bankruptcy court was called upon to predict whether the Supreme Judicial Court would consider the omission of a mortgagor's name from the acknowledgment a material defect under Massachusetts law. But in doing so, it was guided by extensive precedent from Massachusetts and other jurisdictions. Had the debtor conducted research and identified the alleged defect in her mortgage prior to confirmation, she too could have raised the arguments made by the *Giroux* debtor under the existing governing statutes and body of controlling case law. Under the circumstances, it was not an abuse of discretion to conclude that *Giroux* did not effect an unanticipated change in the law sufficient to overcome the clear basis for judicial estoppel.

8

Moreover, *Giroux* was issued in May 2009, more than four months before the Bankruptcy Court confirmed the debtor's plan. Had she desired to argue that the reasoning of *Giroux* applied to her case and challenge the notarization of her mortgage on that basis, she could have instituted the adversary proceeding before confirmation. As the First Circuit has explained, "confirmation of a Chapter 13 plan customarily is res judicata as to all issues that were or could have been decided during the confirmation process." *Carvalho v. Federal Nat'l Mortg. Ass'n (In re Carvalho)*, 335 F.3d 45, 49 (1st Cir. 2003). Months after confirmation of the plan—and after her own failure to abide by it—the debtor may not invoke *Giroux* as a purported change in the law that permits a post-confirmation attack on the validity of the mortgage and the status of the debt. The Bankruptcy Judge did not abuse his discretion in concluding that judicial estoppel bars the debtor from undermining the finality of confirmation by attempting to manipulate the judicial process in this manner.

## IV. Conclusion

For the foregoing reasons, the Order of the Bankruptcy Court dated July 22, 2010, is AFFIRMED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: July 27, 2011